UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-245-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| LISA BUZA HILL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's motion to reduce sentence under USSC Amendment 821. (3:20-cr-245; Doc. No. 70). The Government opposes Defendant's motion. (3:20-cr-245; Doc. No. 73). Because Defendant is ineligible for sentence reduction under Amendment 821 to the United States Sentencing Guidelines, the Court will deny Defendant's motion.

### I. Background

In July 2020, a federal grand jury indicted Defendant and charged her with wire fraud, 18 U.S.C. § 1343, and making false statements to the United States Attorney's office, 18 U.S.C. § 1001. (3:20-cr-245; Doc. No. 1). Then, in June 2021, the United States Attorney charged Defendant by a Bill of Information with another count of wire fraud. (3:21-cr-157; Doc. No. 1). Defendant subsequently entered into a plea agreement with the United States and pleaded guilty to the false statement offense in 3:20-cr-245 and to the wire fraud offense in 3:21-cr-157. (3:20-cr-245; Doc. No. 33); (3:21-cr-157; Doc. No. 6).

1

The probation office submitted a presentence report, calculating a total offense level of 20 and assessing Defendant one criminal history point based on her prior conviction. (3:20-cr-245; Doc. No. 53). Based on Defendant's offense level (20) and criminal history category (I), the probation office found that the Sentencing Guidelines advised a sentence of between 33 and 41 months in prison. (Id.). At sentencing, the Court varied upward, and sentenced Defendant to 57 months in prison. (3:20-cr-245; Doc. No. 68). Defendant now moves for sentence reduction under Amendment 821 to the Sentencing Guidelines.

II.  **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a

2

term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant claims to be eligible for sentence reduction under Amendment 821 because she is a zero-point offender according to Part B of the Amendment. Defendant is mistaken: the Court assessed Defendant one criminal history point, so she is not a zero-point offender. She is thus ineligible for sentence reduction under Amendment 821.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence, (3:20-cr-245; Doc. No. 70), is **DENIED**.

3

Case 3:20-cr-00245-MOC-DCK   Document 74   Filed 05/14/24   Page 3 of 4

Signed: May 14, 2024

Max O. Cogburn Jr
United States District Judge